## APPEAL OF KILBURN LINCOLN MACHINE CO.

Docket No. 2905.   Submitted May 14, 1925.   Decided July 14, 1925.

Affirmative evidence on the part of the taxpayer as to values of assets is necessary to authorize the Board to appraise such assets differently from values placed on them by the Commissioner.

*E. S. Rex, C. P. A.*, for taxpayer.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

This appeal is from a determination of a deficiency in income and profits taxes for the years 1918, 1919, and 1920, amounting in the aggregate to $4,323.

The deficiency arises by reason of the fact that the Commissioner reduced, for each of said years, the amount of invested capital from $115,000 to $70,000.

### FINDINGS OF FACT.

In 1915 the taxpayer corporation was formed and purchased from William E. Fuller the assets which formerly belonged to a corporation known as Kilburn, Lincoln & Co., and paid for such assets as follows:

| | |
|---|---|
| Cash | $35,000 |
| Preferred stock, par value | 17,500 |
| Short-term notes, face value | 17,500 |
| Common stock, par value | 45,000 |

The consideration, as per former contract, was distributed as follows:

The cash, preferred stock, and notes went to creditors of Kilburn, Lincoln & Co., and the common stock went to Leontine Lincoln and Jonathan T. Lincoln, father and son, who were the principal stockholders in Kilburn, Lincoln & Co., and who contemplated owning the Kilburn Machine Co. so soon as the preferred stock could and should be retired.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

LOVE: The taxpayer contends that the Commissioner allowed inadequate invested capital because the property paid in to the cor-

poration was, it says, actually worth $115,000 when received. This the Commissioner denies, and this is the only issue before the Board. In support of its appeal the taxpayer offered no substantial evidence, but sought to prove the value by the unsupported opinion of its president, who, although he himself felt that the property was worth substantially more than $115,000, was unable to put before the Board any facts upon which a conclusion of value could be based. An appraisal was offered, which was made by someone who was not present and which could not be tested as to its soundness or the facts upon which it was based, and which had been made more than two years prior to the transfer in question. All this evidence taken together is not convincing. It is perhaps true, as the witness would have us believe, that the property in question was worth more than the Commissioner has allowed, but in the absence of facts from which this value can be deduced we are constrained to affirm the Commissioner's determination.